UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CARL MOORE,                          :     CASE NO. 1:15-CV-02497
                                     :
        Plaintiff,                   :
                                     :
vs.                                  :     OPINION & ORDER
                                     :     [Resolving Doc. No. 1]
BANK OF AMERICA,                     :
                                     :
        Defendant.                   :
                                     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Carl Moore brings this action against Bank of America in connection with a foreclosure action filed in an Ohio state court in May 2014. Moore claims the foreclosure was unlawful. His original complaint did not contain a legal cause of action; however, Moore supplemented his pleading on December 11, 2015 to add claims under the Truth In Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). He seeks monetary damages.

**I. Background**

Bank of America filed a foreclosure action against Moore in the Cuyahoga County Court of Common Pleas following default in payment of his mortgage.[1] The Common Pleas Court granted summary judgment to Bank of America on June 16, 2015. The property was sold at

---

[1] *See Bank of America v. Moore*, Case No. CV 14-826343 (Cuyahoga Cty Ct. Comm. Pl. filed May 5, 2014).

sheriff's sale on October 5, 2015.

Moore filed this action on December 3, 2015 challenging the foreclosure. He claims Bank of America lacked standing to file the foreclosure action and violated both the TILA and the RESPA because they did not produce the original promissory note to prove they were the holders of the note. He states the loan was unconscionable because the terms of the mortgage were not adequately explained to him when he signed it. Finally, Moore claims he was not given a personal interview prior to the filing of the foreclosure and was not provided information for loan modification.

## II. Legal Standard

While *pro se* pleadings are liberally construed[2], the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction.[3] The claims asserted in this action satisfy these criteria.

## III. Analysis

Moore cannot relitigate matters that were decided or should have been decided in the state foreclosure action. Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered.[4] "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of *res judicata*, he

---

[2] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

[4] 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

is similarly precluded from litigating the suit in federal court."[5]

Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[6] A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.[7]

The elements of *res judicata* all exist here. The Cuyahoga County Court of Common Pleas entered a valid, final judgment on the merits relating to the foreclosure and sale of the property at issue. Moore and Bank of America were both parties in the state foreclosure action. Moore's claims arise out of and pertain to the same "transaction or occurrence" as the state case and could have been raised in that case. Accordingly, Moore's claims are barred by *res judicata*.[8]

---

[5] *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted)

[6] *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (Ohio 1995).

[7] *Id.*; *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

[8] *See, e.g., Givens v. Homecomings Financial*, Case No. 07–2359, 278 Fed. App'x 607, 609, 2008 WL 2121008, at * 2 (6th Cir. May 20, 2008) (holding that *res judicata* barred a plaintiff's Fair Debt Collection Practices Act action against a mortgagee following a state court order granting the mortgagee possession of the residence at issue).

## IV. Conclusion

For the reasons stated above, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[9]

IT IS SO ORDERED.

Dated: January 22, 2016                     *s/   James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[9]   28 U.S.C. § 1915(a)(3) provides:

>   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.